UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID M. WHITMAN, | ) | CASE NO. 5:09 CV 2046 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| PAUL G. GREIG, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 2, 2009, *pro se* plaintiff David M. Whitman filed this action under 42 U.S.C. §§ 1981, 1983, 1985, 1988, 18 U.S.C. §§ 241, 242, 1512, 1968, 1964, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1961, the Hobbs Act, 18 U.S.C. § 1951, and the Patriot Act, against First Merit Bank employee Paul G. Grieg, Baker & Hostetler Employee Alexis C. Osburn, Tosha Strong, Judge Robert M. Gippin, and John/Jane Doe. He seeks $ 20,000,000.00 in damages.

**Background**

Mr. Whitman's complaint is composed almost entirely of legal rhetoric. The few facts stated in his complaint suggest that "on May 22, 2009, [a] 'complaint in Mortgage Foreclosure' was filed into the Summit County office . . .." (Compl. at 2.) He does not identify the parties to this action, or provide any other information about this case. He states that "the government sponsored enterprises can reclaim the money scammed from them by

the banks," (Compl. at 3), and argues that once a bank enters into a loan agreement with a consumer without full disclosure, it loses its charter. He contends "all transactions since the ultra vires action may be null and void." (Compl at 4.) The remainder of his pleading is comprised of random case citations, prolific use of legal terminology, definitions from Black's Law Dictionary, an "Explanation of Deed of Trust," and a general statement of belief that mortgage lenders are corrupt. He concludes:

\* \* \*

> The bank made the alleged borrower a depositor by depositing a $149,000 negotiable instrument, for example, which the bank sold or had available to sell for approximately $149,000 in legal tender. The bank did not credit the borrower's transaction account showing that the bank owed the borrower the $149,000. Rather the bank claimed that the alleged borrower owed the bank $149,000, then placed a lien on the borrower's real property for $149,000 and demanded loan payments or the bank would foreclose. The bank deposited a non-legal tender negotiable instrument and exchanged it for another non-legal tender cheque, which traded like money, using the deposited negotiable instrument as the money deposited. The bank exchanged the currency without the borrower's authorization. First by depositing non legal tender from which to issue a cheque (which is non legal tender) and using the negotiable instrument (your mortgage note) to exchange for legal tender, the bank needed to make the cheque appear to be backed by legal tender. No loan ever took place. . ..

(Compl. at 23.)

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these

criteria.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Mr. Whitman's pleading is totally devoid of factual allegations that reasonably associate any of the named defendants to a viable legal claim. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Mr. Whitman's pleading does not meet even the minimal pleading standards set forth in Rule 8 and is so unsubstantial and attenuated that it must be dismissed.

Moreover, Mr. Whitman states that a foreclosure action was filed in Summit County on May 22, 2009. To the extent that he hoped to interfere with that action or enjoin that action by filing this case, this court would be unable to grant him relief. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state

proceeding. *Id*; *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention appear to be present in this case. Mr. Whitman claims a state foreclosure matter has been filed, which is of paramount state interest. *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that *Younger* abstention was required in plaintiff's challenge to a state court foreclosure action). Assuming Mr. Whitman is the subject of that foreclosure action, he can raise his claims in the court of that case. This court is unable to interfere in a state court action.

## Conclusion

For all the foregoing reasons, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

Dated: September 30, 2009

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.